IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00160-KDB-DCK

| | |
|---|---|
| **CATHY ANNE CARSWELL REIS,** **Plaintiff,** v. **FIFTH THIRD BANK and DOES 1-10,** **Defendants.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Fifth Third Bank, National Association's ("Fifth Third") "Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) by Defendant Fifth Third Bank, National Association." (Doc. No. 50). The Court has carefully considered the motion and the parties' briefs and exhibits, with due regard for the fact that Plaintiff is appearing *pro se*. For the reasons discussed below, the Court will **GRANT** the motion and dismiss this action in its entirety.[1]

## I. BACKGROUND

Plaintiff filed her Complaint in the United States District Court for the Central District of California on July 6, 2020, bringing three causes of action against Fifth Third: (1) deed fraud; (2) breach of fiduciary duty to recall deed of trust; and (3) breach of implied covenant of good faith and fair dealing. (Doc. No. 1). On August 11, 2020, Fifth Third filed a motion to dismiss or transfer the Complaint due to improper venue, lack of personal jurisdiction, and lack of in rem jurisdiction

---

[1] Plaintiff references "Does 1-10" in the caption and in the "Parties" section of her Complaint (Doc. No. 1, ¶ 7). She states that "Does 1-10" are "unknown parties associated with the fraudulent deed," but alleges no other supporting factual allegations. Despite these two passing references to "Does 1-10," her suit is really against Fifth Third and its actions with regard to a Deed of Trust on the property at issue.

1

over the property at the center of this dispute. Fifth Third's motion was granted, and the Complaint was transferred to this Court on October 2, 2020.

A thorough summary of the facts as stated in the Complaint is included in the United States District Court for the Central District of California's order granting Fifth Third's motion to dismiss or transfer. (Doc. No. 42). The order recites the facts as follows:

> Plaintiff's parents owned a house located at 4099 Barbrick Street, Sherrills Ford, Lincoln County, North Carolina (the "Property"). Plaintiff's mother died in the 1970s, after which her father married Barbara Carswell. When Plaintiff's father died in February 2018, Barbara Carswell claimed ownership of the Property.
>
> Plaintiff contested Barbara Carswell's ownership of the Property by filing a lawsuit in North Carolina, Lincoln County Superior Court case no. 18-cvs-000270. Barbara Carswell moved to dismiss at the pleading stage, and on May 14, 2018, the court held a hearing on that motion and took it under submission. In July 2018, the court issued an order dismissing Plaintiff's negligence claims but declining to dismiss her property rights claim. . . . .
>
> Eventually, Barbara Carswell purported to sell the Property to Ted and Heather Park. To purchase the Property, the Parks obtained a mortgage loan from [Fifth Third], and [Fifth Third] secured that loan by recording a Deed of Trust against the Property. The Deed of Trust was recorded in February 2020. Exhibit A to the Deed of Trust says, "The complaint filed in 18 CVS 270, Clerk of County Lincoln County . . . was dismissed by order of the court on November 16, 2019."
>
> Plaintiff never received a November 16, 2019 order dismissing the North Carolina lawsuit. She called the Lincoln County Clerk who informed her that no such order exists. She therefore contends that [Fifth Third] included a false statement in its Deed of Trust and recorded the Deed of Trust illegally, i.e., without the consent of the Property's true owners, her and her two sisters.

(Doc. No. 42, at 2) (internal citations and footnotes omitted).

Fifth Third filed the instant motion to dismiss on November 2, 2020, requesting the Court dismiss Plaintiff's Complaint with prejudice. (Doc. No. 50). Along with its motion to dismiss, Fifth Third filed a request for judicial notice of various pleadings and filings in the Lincoln County Superior Court case. (Doc. No. 51). Fifth Third has included a copy of the order dismissing Plaintiff's appeal of the state court action to the North Carolina Court of Appeals (entered August

2

26, 2019), an order from the North Carolina Court of Appeals denying a petition for writ of certiorari (entered November 13, 2019), and a voluntary dismissal from Plaintiff (entered November 6, 2019). (Doc. Nos. 51-4, 51-5, 51-6).[2]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012).

The complaint's "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's

---

[2] Plaintiff requests the Court take judicial notice of certain documents attached to her response to Fifth Third's motion to dismiss. (Doc. Nos. 52-3). Fifth Third filed an opposition (Doc. No. 54) and evidentiary objections (Doc. No. 55) to her request. The Court need not resolve these disputes because, even considering the extra documents submitted by Plaintiff, Plaintiff still fails to state a claim upon which relief can be granted.

Plaintiff also requests "Entry of Judgment Based on Pleadings" in her response to Fifth Third's motion. However, Local Rule 7-1(c)(2) provides that motions shall not be included in responsive briefs and each motion must be set forth as a separately filed pleading. Accordingly, the Court must disregard Plaintiff's attempt to bring a request for separate relief in her response brief, which would in any event be unsuccessful in light of the Court's ruling of dismissal.

3

obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Moreover, a court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

The court, however, "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Id*. Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Further, the standard for evaluating the sufficiency of the pleading is more flexible for *pro se* plaintiffs. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal citation omitted). Notwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez*, 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

4

Case 5:20-cv-00160-KDB-DCK   Document 56   Filed 01/27/21   Page 4 of 9

### III. DISCUSSION

**A. Deed Fraud**

As grounds for her "deed fraud" claim, Plaintiff alleges that she has ownership rights over the Property and that those rights were "validated by Court Order on July 31 2018." (Doc. No. 1, ¶ 15). Plaintiff is referring to the Lincoln County Superior Court's July 2018 order that dismissed her negligence claims, but declined to dismiss her property rights claim. Plaintiff claims that Fifth Third "fraudulently states in deed and deed of trust that there was an order that took away [her] right to the property, which was confirmed by the court that this was not true, therefore an immediate recall of the loan made based on fraud with borrowers immediate evacuation of the property [is required]." *Id.* ¶ 16.

To plead fraud, a plaintiff must allege the following elements: "a (1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Hudgins v. Wagoner*, 649 S.E.2d 436, 443 (N.C. Ct. App. 2010). Additionally, Rule 9(b) of the Federal Rules of Civil Procedure, requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Fourth Circuit has held that the "circumstances" required to be pled with particularity under Rule 9(b) are "the time, place, and contents of the false representations, as well as the identity of the person making misrepresentations and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). The Fourth Circuit has further held that the purpose of the Rule 9 higher pleading standard is to "provide notice to a defendant of its alleged misconduct, . . .

5

prevent [] frivolous suits, . . . eliminat[e] fraud actions in which all the facts are learned after discovery, and . . . protect[] defendants from harm to their goodwill and reputation." *United States ex rel. Nathan v. Takeda Pharms. N. Ap., Inc.*, 707 F. 3d 451, 456 (4th Cir. 2013). Thus, to satisfy Rule 9(b), Plaintiff must "set forth the 'who, what, when, where, and how of the alleged fraud' before access to the discovery process should be granted." *United States ex rel. Wilson v. Kellogg Brown & Root*, 525 F. 3d 370, 379 (4th Cir. 2008).

Plaintiff's allegations fall short of stating a claim for fraud. To begin with, Plaintiff states that she is the owner of the Property based on the Lincoln County Superior Court's July 2018 order.[3] However, Plaintiff appears to misunderstand the court's July 2018 ruling. By declining to dismiss Plaintiff's property rights claim at the pleading stage, the court was not making any ruling concerning the ownership of the Property. The order simply meant that Plaintiff could continue to litigate her property rights claim. Plaintiff chose not to continue litigation and filed a voluntary dismissal of the action on November 6, 2019. (Doc. No. 51-6).

Moreover, Plaintiff's fraud allegation is conclusory and fails to allege the essential elements necessary for a fraud claim. While Plaintiff alleges that the Deed of Trust states there is an order that "took away [Plaintiff's] right to the Property," (Doc. No. 1, ¶ 16), no such statement appears in the Deed of Trust. Rather, the Deed of Trust correctly states that "[t]he complaint filed in 18 CVS 270, Clerk of County Lincoln County, . . . was dismissed." (Doc. No. 1, at 11). The Complaint is also devoid of an allegation that any statement made by Fifth Third was reasonably

---

[3] The Court takes judicial notice of the state court orders. *Phillips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (holding that "[i]n reviewing a Rule 12(b)(6) dismissal, [the Court] may properly take judicial notice of matters of public record" as well as "consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic").

calculated to deceive Plaintiff or made with the intent to deceive and further fails to allege that Plaintiff relied on any statements by Fifth Third to her detriment.

In summary, Plaintiff's Complaint fails to plead the elements of a fraud claim and is premised on incorrect statements regarding the deed's statements and the effect of the July 2018 order. This is insufficient to state a claim for fraud under Rule 9(b).[4] Accordingly, the Court will dismiss Plaintiff's claim for fraud.

**B. Breach of Fiduciary Duty**

Plaintiff's second cause of action in the Complaint is titled: "Breach of Fiduciary Duty to Recall Deed of Trust Based on a Fraudulant [sic] Deed." Plaintiff alleges Fifth Third breached its fiduciary duty "when it allowed for the borrowers to continue for its own financial gain." (Doc. No. 1, ¶ 19).

To establish a claim for breach of fiduciary duty, a plaintiff must show (1) that the defendant owed them a fiduciary duty, (2) that the defendant violated a fiduciary duty of care, and (3) that the breach of fiduciary duty was the proximate cause of the plaintiff's injuries. *French Broad Place, LLC v. Asheville Sav. Bank, S.S.B.*, 816 S.E.2d 886, 899 (N.C. Ct. App. 2018). Thus, for a breach of fiduciary duty claim to exist, there must first be a fiduciary relationship between the parties. *See, e.g.*, *Dalton v. Camp*, 548 S.E.2d 704, 707 (2001).

Here, Plaintiff pleads no facts that would suggest she has a fiduciary relationship with Fifth Third. By Plaintiff's own set of facts, which this Court presumes to be true, Fifth Third only had a relationship with Ted and Heather Parks, who borrowed money from Fifth Third when they

---

[4] The Court need not reach Fifth Third's additional alternative argument that Plaintiff lacks standing to bring a fraud claim.

purchased the Property from Barbara Carswell. There being no fiduciary relationship between the parties, Plaintiff has failed to state a claim for breach of fiduciary duty.

### C. Breach of Good Faith and Fair Dealing

Plaintiff's third and final cause of action is for breach of the covenant of good faith and fair dealing. In support of her claim, she alleges the following:

> Fifth Third breached this implied covenant of good faith and fair dealing when it refused to provide the research it conducted when [Plaintiff] contacted them right after the attorney closed on [Plaintiff's] property. It took 2.5 months for Fifth Thirds Protection Department to investigate the matter. Upon review, it contacted their attorney who advised them to no longer speak to [Plaintiff] and that they could not share their findings. It was obvious that they discovered that they were at fault but for its own benefit, is not cooperating.

(Doc. No. 1, ¶ 21).

Under North Carolina law, "there is implied in every contract an obligation of good faith and fair dealing by each party in performance of the agreement." *Dull v. Mutual of Omaha Ins. Co.*, 354 S.E.2d 752, 756 (N.C. Ct. App. 1987). Thus, if no contract exists, there is no cause of action for breach of an implied covenant of good faith and fair dealing. *See, e.g.*, *Dove Air, Inc. v. Fla. Aircraft Sales, LLC*, No. 1:10cv47, 2011 U.S. Dist. LEXIS 88611, at *29 (W.D.N.C. Aug. 9, 2011) (citing to published North Carolina and other federal cases).

The Complaint contains no allegations that Plaintiff and Fifth Third had a contractual relationship.[5] Without a contractual relationship, the implied duty of good faith and fair dealing does not arise. Accordingly, the Court will dismiss Plaintiff's claim for breach of the covenant of good faith and fair dealing.

### D. Dismissal with Prejudice

---

[5] Fifth Third asserts that no contractual relationship exists between the parties.

Because any amendment to the Complaint would be futile in light of the fundamental deficiencies in Plaintiff's claims against Fifth Third, the Court will dismiss Plaintiff's Complaint with prejudice. *See Cozzarelli v. Inspire Pharms., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (holding that dismissal with prejudice was warranted where amendment would be futile due to fundamental deficiencies in the plaintiff's theory of liability).

## IV. ORDER

**IT IS THEREFORE ORDERED THAT:**

(1) Defendant's Motion to Dismiss Plaintiff's Complaint, (Doc. No. 50), is **GRANTED;** and

(2) The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED.**

Signed: January 27, 2021

Kenneth D. Bell
United States District Judge